**BASHIAN PAPANTONIOU P.C.**

Erik M. Bashian, Esq.
T: (516) 279-1554
F: (516) 213-0339
Email: eb@bashpaplaw.com
www.bashpaplaw.com

*Admitted to practice in NY, NJ and D.C.

Via ECF Only

April 18, 2024

U.S. Magistrate Judge Leda Dunn Wettre
U.S. District Court for The District of New Jersey
50 Walnut Street
Martin Luther King Blvd. & US Courthouse
Newark, NJ  07102

  **RE**: **Garcia v. All County Landscaping Services Limited, LLC**
    <u>Docket No.:</u>  2:23-cv-20515-BRM-LDW

Dear Magistrate Judge Wettre:

  This firm represents the plaintiff Milton De Leon Garcia ("Mr. Garcia" or "Plaintiff") in connection with the above referenced matter.  We write jointly with counsel for defendants and submit this memorandum of law in support of their motion to enforce and approve the settlement agreement by and between the parties.   Approval is respectfully requested because a portion of Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA").  <u>Brumley v. Camin Cargo Control, Inc.</u>, Civil Action No. 08-1798 (JLL), 2012 U.S. Dist. LEXIS 40599, (D.N.J. Mar. 26, 2012).   A copy of the executed settlement agreement (the "Agreement") is enclosed herein as **Exhibit "A."**

## SETTLEMENT AMOUNT

  The Agreement resolves all claims brought under the Fair Labor Standards Act ("FLSA") and New Jersey Wage and Hour Law ("NJWHL"), by payment to Plaintiff in the amount of $26,250.00. This settlement was reached through protracted arm's length negotiation between experienced  legal counsel concerning the subject claims. As part of this motion, Plaintiff's counsel requests approval of an award of $8,450.97 in attorney's fees and $641.00 in costs/disbursements, which is one third (1/3) of the settlement amount and the remaining portion for out-of-pocket disbursements; for a total due to Plaintiff's counsel in the sum of $9,091.97. For the reasons outlined below, the Court should approve the $26,250.00 settlement in this case as a fair and reasonable compromise of the claims against Defendants in this case.

## FACTUAL BACKGROUND

  This action was commenced by Mr. Garcia, individually and on behalf of others similarly situated, on September 20, 2023 through the filing of a summons and complaint (D.E. 1).  As a

**BASHIAN
PAPANTONIOU P.C.**

U.S. Magistrate Judge Leda Dunn Wettre
U.S. District Court for The District of New Jersey
Page Two

result, this lawsuit was filed as an FLSA collective action against All County Landscaping Services Limited Liability Company and Perry Russo (collectively, the "Defendants")[1].

As set forth in the Complaint, Mr. Garcia was employed by the Defendants, as a landscaper, from in or around April 2021 through in or around August 2023. (D.E. 1, ¶ 15). Mr. Garcia alleged that he, and others similarly situated, were not paid overtime compensation at a rate of one and half times the regular pay rate for each hour worked in excess of forty hours in a workweek in violation of the FLSA and New Jersey Wage and Hour Law ("NJWHL"). (Id at ¶ 23). Mr. Garcia alleges that during his employment, he worked Monday through Friday during the hours of 7:00 am and 5:30 pm and always worked approximately 50 to 55 hours per week. (Id at ¶ 19). He alleges that he was paid $800 per week by check, and would receive a cash payment for the overtime hours worked at only the regular rate of $20.00 per hour. (Id at ¶ 22). As a result, Mr. Garcia alleges that during his employment Defendants failed to pay a premium (time and a half) for hours worked over 40 hours in a workweek

On November 27, 2023, Defendants filed their answer to the Complaint (D.E. 9). Defendants have asserted multiple affirmative defenses, including the defenses that Defendants are not covered by the terms of the FLSA and that Plaintiff was exempt from the overtime provisions of the FLSA and NJWHL.

## **SETTLEMENT TERMS**

Over a protracted period, beginning in or around December 2023, counsel for the parties engaged in settlement discussions. Plaintiff's position was that despite payment by Defendants for hours worked per week, he was owed an unpaid overtime premium for all hours worked over 40 hours per week, at an hourly rate calculated by using his agreed upon hourly rate of either $19.00 or $20.00 (depending on the time period); specifically, a premium of either $9.50 or $10.00 (depending on the time period) for every overtime hour worked, multiplied by a total of alleged unpaid overtime hours worked in the approximate sum of 1,575 hours for a total sum due of $33,662.68 (inclusive of liquidated damages and NJWHL interest, but exclusive of attorneys' fees/costs). A spreadsheet setting forth Plaintiff's alleged damages is attached hereto as **Exhibit B**[2].

Defendants countered that they intend to defend this matter vigorously, and that Plaintiff was properly paid for all hours worked, including those limited instances when he worked in excess of 40 hours per week, Defendants contend that Plaintiff was paid overtime for those hours. Defendants' counsel communicated to Plaintiff's counsel that evidence would be provided showing that Plaintiff's employment as a landscaper was seasonal, there was little to no snow

---

[1] Plaintiff did not file a motion for conditional certification and there have been no opt-in plaintiffs. This settlement is for approval of Mr. Garcia's FLSA claims only.

[2] The chart rounded down to an average of 52.5 hours (or 12.5 hours of overtime) worked per week.

BASHIAN
PAPANTONIOU P.C.

U.S. Magistrate Judge Leda Dunn Wettre
U.S. District Court for The District of New Jersey
Page Three

removal services provided, and as a result Plaintiff did not work the overtime hours he asserted, during the winter months from the end of December through middle of March.

Although Defendants continue to take the position that Plaintiff is not owed anything, all parties acknowledge that they face risks of not being able to prevail on some or all of their claims and/or defenses if this case were to proceed to trial. As a result, the parties reached an agreement whereby Defendants will pay Plaintiff the total sum of $26,250.00 to resolve this matter, inclusive of Plaintiff's legal fees and costs. *See*, **Exhibit "A."**

Defendants will pay the $26,250.00 of the settlement amount in full and in accordance with the Settlement Agreement. Here, Plaintiff's counsel is receiving one third of the settlement amount in the sum of $8,450.97 and reimbursement for expenses/disbursements in the sum of $641; for a total due to Plaintiff's counsel in the sum of $9,091.97. The expenses in this matter are the filing fee ($402.00), service on defendants ($225.00) and fee to perform a child support judgment search (rounded down to $14.00). Therefore, looking at this case solely from the perspective of alleged unpaid overtime wages, Plaintiff is close to being made whole. Moreover, Plaintiff considered Defendants' position that Plaintiff did not work the hours alleged from mid-December through mid-March of the subject period of time. Notwithstanding, Defendants do not admit and deny any liability or wrongdoing, but rather settle this matter in hopes of avoiding unnecessary further burden, expense and uncertainty in litigating this action. As a result, the parties freely entered into this Agreement.

## LEGAL STANDARD

To approve an FLSA settlement agreement within the Third Circuit, the judiciary is tasked with affirming that the settlement constitutes "a fair and reasonable resolution of a genuine dispute regarding FLSA provisions." This is captured in the holding of Brumley v. Camin Cargo Control, Inc., Civ. No. 08- 1798 (JLL), 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012), which cites Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) as precedent.

Furthermore, when employees initiate a private suit for back wages under the FLSA and propose a settlement to the district court, the court is allowed to ratify the settlement through a stipulated judgment, contingent upon a thorough evaluation of the settlement's fairness. This procedure is supported by Rabbenou v. Dayan Foods, Ltd., No. 17-cv1330, 2017 U.S. Dist. LEXIS 122055, *2 (D.N.J. Aug. 3, 2017), which references Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982) and Morales v. PepsiCo, Inc., No. 11-cv-5275; 2012 U.S. Dist. LEXIS 35284, *1 (D.N.J. Mar. 14 2012).

Within the Third Circuit, it has been established that settlements of FLSA claims may proceed in two manners: either 1) under the oversight of the Department of Labor regarding the payment of unpaid wages as per 29 U.S.C. § 216(c), or 2) through the endorsement of a

**BASHIAN
PAPANTONIOU P.C.**

U.S. Magistrate Judge Leda Dunn Wettre
U.S. District Court for The District of New Jersey
Page Four

settlement by the district court in accordance with 29 U.S.C. § 216(b). This framework is elaborated in the findings of Bredbenner v. Liberty Travel, Inc., Nos. 09-905, 09-1248 and 09-4587, 2011 WL 1344745 at *18 (D.N.J.Apr. 8 2011), which also cites Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) and Bettger v. Crossmark, Inc., No. 13-2030, 2015 WL 279754 at * 3 (M.D. Pa., Jan. 22. 2015; Brumley v. Camin Cargo Contro, Inc., Nos. 08-1798, 10-2461 and 09-6128, 2012 WL 1019337, at * 1 (D.N.J., Mar. 26, 2012).

The criteria for a district court to endorse a stipulated judgment include verifying that the proposed settlement offers "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." This principle is reiterated across several cases, including Rabbenou, 2017 U.S. Dist. LEXIS 122055 at *2; Gabrielyan v. S.O. Rose Apts. LLC, No. 15-cv-1771, 2015 U.S. Dist. LEXIS 135615 (D.N.J., Oct. 5, 2015); and in re Chickie's & Pete's Wage & Hour Litig., No. 12-cv-6520, 2014 U.S. Dist. LEXIS 30366,*2 (E.D. Pa. Ma Med. Ctr., 868 F. Supp.2d 464, 466 (E.D. Pa. 2012).

A proposed settlement resolves a "bona fide dispute" when it "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," rather than "a mere waiver of statutory rights brought about by an employer's overreaching," *Gabrielyan*, 2015 U.S. Dist. LEXIS 135615 at *3-4 (*quoting Lynn's Food*, 679 F.2d at 1354). In determining whether a compromise is fair and reasonable, courts in the Third Circuit consider both: 1) whether the compromise is fair and reasonable to the employee, and 2) whether the compromise otherwise frustrates the implementation of the FLSA. Id. at *4; *see also Singleton v. First Student Mgmt. LLC*, No. 13-cv-1744, 2014 U.S. Dist. LEXIS 108247, *8 (D.N.J. Aug. 6, 2014); *Chickie'*s, 2014 U.S. Dist. LEXIS 30366 at *2.

Thus, in determining whether to approve a settlement for FLSA claims, the Court must engage in a three-part analysis. First, the Court must determine that the settlement concerns a bona fide dispute. Second, the Court must determine that the settlement is fair and reasonable to the Plaintiff. Third, the Court must determine that the settlement does not frustrate the purpose of the FLSA. *Gabrielyan*, 2015 U.S. Dist. LEXIS 135615 at *4.

### A. A Bona Fide Dispute Exists and the Agreement is Fair and Reasonable to All Parties

There is a genuine disagreement between the Parties regarding the issue at hand. The Plaintiff contends he has not received the overtime compensation due to them, while the Defendants argue that the Plaintiff has been compensated in full and in compliance with legal requirements. A legitimate dispute under the FLSA arises when there is an actual difference in opinion on the validity of an FLSA claim—signifying a dispute based on facts rather than on legal interpretation, casting doubt on the plaintiff's likelihood of prevailing in court. This concept is set forth in Cruz v. JMC Holdings, Ltd., Civ. No.: 16-9321 (KSH)(CLW), 2019 WL

BASHIAN
PAPANTONIOU P.C.

U.S. Magistrate Judge Leda Dunn Wettre
U.S. District Court for The District of New Jersey
Page Five

4745284 at *4 (D.N.J. 2019), referencing Haley v. Bell-Mark Technologies Corp., No. 17-1775, 2019 WL 1925116, at *4 (M.D. Pa. Apr. 30, 2019).

### B. The Settlement under the Agreement is Fair and Reasonable to the Plaintiff

The Agreement paying Plaintiff $26,250.00 inclusive of all fees and expenses is fair and reasonable to Plaintiff. Although, Plaintiff may be entitled to more with liquidated damages, this is not guaranteed. Moreover, Defendants dispute the hours worked, deficiencies in payments made for overtime hours and Plaintiff's claims. Therefore, Defendants maintain that a viable defense exists. Given the risks for all parties in litigation, the Agreement paying Plaintiff $26,250 in a lump sum, without delay, is fair and reasonable.

This outcome is preferable to a prolonged recovery, a judgment on paper, or the absence of any judgment. The Settlement Agreement has been achieved through negotiations at arm's length by seasoned attorneys. The legal representatives of the parties specialize in handling wage and hour disputes like the present case and have engaged in negotiations earnestly. Moreover, the integrity of the process is underscored by the fact that these negotiations were conducted without any deceit or conspiracy, as demonstrated by their arm's-length nature.

A one-third payment of the FLSA settlement funds to Plaintiff's counsel aligns with the common Court approval of awarding attorneys' fees as a one-third payment of an FLSA settlement amount. In matters concerning the FLSA, courts have applied both the 'lodestar' approach and the 'percentage-of-recovery' practice to assess the appropriateness of attorneys' fees. *See*, Brumley, 2012 WL 1019337, at 9 (holding the percentage-of-recovery approach is appropriate). The percentage-of-recovery method permits a district court to allocate attorneys' fees as a proportion of the collective settlement obtained. *See,* In re General Motors Corp. Pick-Up Fuel Tank Products Liability Litigation, 55 F.3d 768, 822 (3d Cir.1995). Indeed, Courts in this district, have routinely held that attorney's fees in these cases may vary from 19 percent to 45 percent of the settlement amount. See, Brumley, 2012 WL 1019337, at *12 (holding that 30 percent of the settlement amount was deemed a reasonable fee for its attorneys). The fee percentage in this instance also mirrors the customary contingent fee structure in individual litigation cases. *See,* In re Lucent Technologies, Security Litigation, 327 F.Supp.2d 426, 442 (D.N.J. 2006), noting "the customary continent fee would likely range between 30% and 40% of the obtained recovery).

Here, Plaintiff's counsel performed substantial work identifying, investigating prosecuting and settling Plaintiff's claims. Attached hereto as **Exhibit C** is a worksheet of the hours and time entries performed by the undersigned counsel. Pursuant to the Agreement, the fees requested by Plaintiff's counsel represent exactly one-third of the total settlement amount, after deducting expenses, which has been held to be fair and reasonable in this district. *See*, Brumley, 2012 WL 1019337, at 12.

**BASHIAN**
**PAPANTONIOU P.C.**

U.S. Magistrate Judge Leda Dunn Wettre
U.S. District Court for The District of New Jersey
Page Six

### C. The Agreement does not Frustrate the Purpose of the FLSA

The Settlement Agreement aligns with the objectives of the FLSA, not undermining its purpose. The Defendants maintain their stance of not being liable. Pursuing these claims to a trial would entail significant costs and challenges for the Plaintiff. Furthermore, any potential for compensation, should it be realized, might not materialize for many years. As previously mentioned, there exists a genuine dispute between the parties, and the settlement achieved is both equitable and sensible, adhering to the principles of the FLSA without breach.

### CONCLUSION

Given the considerations presented, the parties' jointly and respectfully submit that the proposed settlement figure is fair and reasonable. Additionally, the parties' assert that the conditions of the Settlement Agreement are in full alignment with the requirements of the FLSA and all applicable law. Accordingly, the parties' kindly request that the Court to grant its motion and approve the settlement

Respectfully submitted,

Bashian & Papantoniou, P.C.

/s/Erik M. Bashian
Erik M. Bashian, Esq.

**VIA ECF**

*(All attorneys of record).*

Enc.