## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MILTON DE LEON GARCIA,<br><br>             Plaintiff,<br><br>v.<br><br>ALL COUNTY LANDSCAPING<br>SERVICES LIMITED LIABILITY<br>COMPANY, *et al.*,<br><br>             Defendants. | Civil Action No.<br><br>23-20515 (LDW)<br><br><br>**ORDER GRANTING MOTION FOR<br>APPROVAL OF FLSA SETTLEMENT** |

**THIS MATTER** comes before the Court by way of the parties' joint motion for approval of an individual FLSA settlement.  (ECF No. 26).  The parties have consented to proceed before a Magistrate Judge for all further proceedings, including entry of final judgment.  (ECF No. 22).

### I.    Background

1.    Plaintiff Milton De Leon Garcia alleges that he was employed as a landscaper by defendants All County Landscaping Services LLC and Perry Russo from April 2021 through August 2023.  He further alleges that defendants failed to pay overtime wages for time worked in excess of forty hours per week in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a, *et seq*.

2.    The parties reached an early settlement in principle on February 13, 2024, prior to the Rule 16 initial scheduling conference and the formal commencement of discovery.  (ECF No. 14).  The parties filed the settlement agreement and this motion for approval of the individual FLSA settlement on April 19, 2024.  (ECF No. 26).  After the Court expressed concern about the scope of the general release in the original settlement agreement, the parties filed a revised

settlement agreement on June 12, 2024 with a more narrowly tailored release provision.  (ECF No. 28).

3.      The parties have agreed to settle plaintiff's claims for a total of $26,250 to be distributed as follows:

      a.  $16,960.50 to plaintiff, which represents 100% of his alleged unpaid wages and a portion of alleged liquidated damages.

      b.  $9,289.50 in attorneys' fees and expenses to plaintiff's attorney, Bashian & Papantoniou, P.C.

## II.      Approval of Settlement

4.      To approve an FLSA settlement agreement in the Third Circuit, the Court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'"  *Brumley v. Camin Cargo Control, Inc.*, Civ. A. Nos. 08-1798, 10-2461, 09-6128, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

5.      "In determining whether the compromise resolves a bona fide dispute, the Court must be reassured that the settlement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching, and the bona fide dispute must be determined to be one over factual issues not legal issues such as the statute's coverage or applicability."  *Id.* (internal quotations and alterations omitted).

6.      Here, the settlement resolves a bona fide dispute over whether plaintiff worked over 40 hours per week during the period of his employment and whether any wages are due and owing.

7.    "In determining whether a compromise is fair and reasonable, courts in this Circuit consider both (1) whether the compromise is fair and reasonable to the employee, and (2) whether the compromise otherwise frustrates the implementation of the FLSA." *Davis v. Essex County*, Civ. A. No. 14-1122, 2015 WL 7761062, at *2 (D.N.J. Dec. 1, 2015).

8.    The Court finds the settlement to be fair and reasonable to the employee because it compensates plaintiff for all of his allegedly unpaid overtime wages and a portion of the liquidated damages he would be entitled to if he prevailed on his claim.  The parties' early settlement recognizes the expense of ongoing litigation as well as the risks of establishing liability and damages.  *Rhee v. Super King Sauna NJ, LLC*, Civ. A. No. 20-9921, 2021 WL 3550221, at *2 (D.N.J. Aug. 9, 2021).

9.    Further, the proposed settlement is the product of arms-length negotiation between parties represented by competent counsel.  Nothing in the record before the Court indicates that the proposed settlement has been achieved through fraudulent or collusive conduct.

10.   Finally, the proposed settlement would not otherwise frustrate the implementation of the FLSA.  The June 12, 2024 revised settlement agreement's release provision is limited to plaintiff's wage claims.  *See Cruz v. JMC Holdings, Ltd.*, Civ. A. No. 16-9321, 2019 WL 4745284, at *7 (D.N.J. Sept. 30, 2019) ("[D]istrict courts require plaintiffs to limit the scope of any waiver or release clause in FLSA settlement agreements to claims related to the specific litigation." (quotation omitted)).  The June 12, 2024 revised settlement agreement does not contain a confidentiality provision and was filed on the public docket.  While the June 12, 2024 revised settlement agreement does include a mutual non-disparagement clause, that clause in no way restricts plaintiff from discussing the settlement.  *See Mabry v. Hildebrandt*, Civ. A. No. 14-5525, 2015 WL 5025810, at *3 (E.D. Pa. Aug. 24, 2014) ("Courts have approved truly 'limited,'

3

or narrowly drawn, confidentiality or non-disparagement clauses only where the clauses did not prevent plaintiffs from discussing the settlements with defendants' employees.").  Finally, the Court will approve the no cooperation/participation clause, which prohibits plaintiff from assisting any entity or person seeking to assert claims against defendants, but only to the extent that it does not prevent plaintiff from discussing this settlement.  *See Vidal v. Paterson Car Emporium LLC*, Civ. A. No. 19-12711, 2023 WL 238825, at *4 (D.N.J. Jan. 18, 2023) (approving non-cooperation clause in FLSA settlement where plaintiff "is permitted to discuss this matter with others – including current and former PCE employees – so long as he does not encourage them to litigate their own claims against defendants").

### III.    Attorneys' Fees and Costs

11.    When evaluating the reasonableness of attorneys' fees in wage and hour cases, courts in the Third Circuit generally apply the percentage of recovery method, under which "the Court must determine whether the percentage of total recovery that the proposed award would allocate to attorneys' fees is appropriate based on the circumstances of the case."  *Bredbenner v. Liberty Travel, Inc.*, Civ. A. Nos. 09-905, 09-1248, 09-4587, 2011 WL 1344745, at *19 (D.N.J. Apr. 8, 2011) (quotation omitted); *see Mabry*, 2015 WL 5025810, at *3.

12.    Plaintiff's counsel seeks $9,289.50 in fees and expenses, which represents approximately one-third of the total settlement and is less than the $11,176.16 in fees and expenses counsel claims to have actually incurred.  (ECF No. 26-3).  This amount falls within the range of reasonableness of fees approved in FLSA cases.  *Cf. Redden v. King's Corner Pub, LLC*, Civ. A. No. 16-6152, 2017 WL 4883177, at *2 (E.D. Pa. Oct. 27, 2017) ("Here, the proposed $14,406 in attorneys' fees represents approximately 36 percent of the $40,000 settlement fund, which is within the range of fee awards approved by courts in this Circuit."); *Lyons v. Gerhard's Inc.*, Civ. A. No. 14-6693, 2015 WL 4378514, at *5 (E.D. Pa. July 16, 2015)

4

(approving attorneys' fees amounting to 44% of the total settlement amount, despite it being "on the higher side," where counsel reviewed approximately 12,000 pages of documents and conducted a deposition).

### IV.    Conclusion and Dismissal

13.    Having considered the parties' submissions in support of the motion for settlement approval, and for good cause shown, the Court approves the settlement memorialized in the June 12, 2024 revised settlement agreement (ECF No. 28-1) consistent with this Order and approves the payments to be made to plaintiff and his counsel as set forth therein.

14.    The parties shall proceed with the administration of the settlement in accordance with the terms of the June 12, 2024 revised settlement agreement.

15.    Plaintiff's claims are dismissed with prejudice, with each side to bear their own attorneys' fees and costs except as set forth in the June 12, 2024 revised settlement agreement.

16.    The Clerk of Court is directed to terminate the motion at ECF No. 26 and mark this case as closed.

**It is SO ORDERED this 26th day of June, 2024.**


*s/ Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge